UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

LEROY TENNART, ET AL.

VERSUS

CITY OF BATON ROUGE, ET AL.

CIVIL ACTION

NO. 17-179-JWD-EWD

## RULING AND ORDER ON MOTION TO CONDUCT PRE-RULE 26(F) CONFERENCE EXPEDITED DISCOVERY REGARDING IDENTITIES OF FICTITIOUS DEFENDANTS

Before the court is a Motion to Conduct Pre-Rule 26(f) Conference Expedited Discovery Regarding Identities of Fictitious Defendants (the "Motion to Conduct Expedited Discovery").[1] The Motion to Conduct Expedited Discovery was filed by plaintiffs, Leroy Tennart, Deon Tennart, Eddie Hughes, III, individually and on behalf of Godavari Hughes, Brachell Brown, Christopher Brown, Elcide Harris, Zachary Hill, and Thomas Hutcherson (collectively, "Plaintiffs"). A hearing on the Motion to Conduct Expedited Discovery was held on June 27, 2017. In addition to argument from Plaintiffs' counsel, counsel for The City of Baton Rouge and counsel for Sid J. Gautreaux, III attended the June 27, 2017 hearing and presented argument. At the conclusion of the hearing, the matter was taken under advisement. For the reasons set forth herein, the Motion to Conduct Expedited Discovery is **GRANTED IN PART AND DENIED IN PART**.

I.  **Background**

This suit arises out of the July 5, 2016 shooting of Alton Sterling and the subsequent protests that occurred in Baton Rouge, Louisiana on July 8-10, 2016. On March 23, 2017, Leroy Tennart, Deon Tennart, Eddie Hughes, III, Godavari Hughes, Elcide Harris, Zachary Hill, and

---

[1] R. Doc. 4.

Thomas Hutcherson filed a Civil Rights Complaint alleging that they were wrongfully arrested during the July 8-10, 2016 protests in violation of their constitutional rights.[2]

On June 14, 2017, a First Amended Complaint was filed, naming Brachell Brown and Christopher Brown as Plaintiffs.[3] In addition to naming various individual Baton Rouge Police Department officers who were involved in the arrests of the various Plaintiffs,[4] the First Amended Complaint names the following defendants: The City of Baton Rouge; East Baton Rouge Parish; Melvin "Kip" Holden "in his individual capacity and in his official capacity as former Mayor-President of the City/Parish;"[5] Sid J. Gautreaux III, the Sheriff of East Baton Rouge Parish; Carl Dabadie, Jr, the Chief of the Baton Rouge Police Department; Col. Michael Edmonson, the Superintendent of the Louisiana State Police ("LSP"); Sheriff Mike Cazes, the Southern District Coordinator of the Louisiana Sheriffs' Association Emergency Taskforce; the Louisiana Sheriffs' Association ("LSA"); and AIX Group, d/b/a Nova Casualty Company as the alleged insured of LSA and some of its members.[6]

Finally, and significant to the instant Motion for Expedited Discovery, the First Amended Complaint names a number of unknown defendants, for whom Plaintiffs now seek leave to conduct pre-Rule 26(f) discovery in the hopes of identifying: (1) XYZ Insurance Company as the insurer which "may provide insurance and/or indemnification to individual employees of the Louisiana

---

[2] R. Doc. 1.

[3] R. Doc. 3, ¶¶ 14 & 15.

[4] The following individual Baton Rouge Police Department officers are named as defendants in the First Amended Complaint: Jonathan Migues, Timothy Browning, Eric Murphy, Doug Barron, Marcus Thompson, Christopher Johnson, Trina Dorsey, Glenn Hutto, Michael Rarick, Barron Bryant, Sondra Hall, Gina Hedrick, Travis Norman, Darren Hunt, Carl Mayo, Reab Simoneaux, Bradley Lawrence, Adam Cheney, Kama Roussell, James Crockett, Blaine Burns, and Caan Castleberry. R. Doc. 3, ¶¶ 30-51.

[5] R. Doc. 3, ¶ 21.

[6] During the June 27, 2017 hearing, Plaintiffs' counsel confirmed that all but one of the named defendants had been served, and that such services took place within the last week.

State Police;"⁷ (2) UVW Insurance Company as the insurer which "may provide insurance and/or indemnification to the City of Baton Rouge/Parish of East Baton Rouge and/or its employees;"⁸ (3) "Officer Does 1-100" who "serve as Officers of the BRPD…"⁹ (4) "Deputy Roes 1-100" who "serve as Deputies of the East Baton Rouge Parish Sheriff's Office…"¹⁰ and (5) "Trooper Moes 1-100" who "serve as Troopers of the Louisiana State Police…." Plaintiffs allege that the unknown Officer Does, Deputy Roes, and Trooper Moes "were involved in the suppression of dissent through the use of excessive force, intimidation, and illegal arrest of protesters in Baton Rouge on July 8–10, 2016."¹¹ Plaintiffs further allege that the unknown Officer Does, Deputy Roes, and Trooper Moes (1) "had supervisory responsibility, either at the protest locations or elsewhere;" (2) "provided support for operations at the protest location from BRPD Headquarters, from the Governor's Office of Homeland Security and Emergency Preparedness ('GOHSEP'), and/or the Mayor's Office of Homeland Security and Emergency Preparedness ('MOHSEP');" (3) and/or "had training responsibility for members of the EBRSO."¹²

On June 15, 2017, Plaintiffs filed the instant Motion to Conduct Expedited Discovery.¹³ Plaintiffs contend that despite public records requests seeking documents in the possession of the Baton Rouge Police Department, East Baton Rouge Sheriff's Office, Louisiana State Police, and other law enforcement agencies, Plaintiffs "cannot fully identify all of these individual Defendants without discovery. The full identities of the above-named individuals are within the possession of

---

⁷ R. Doc. 3, ¶ 28.
⁸ R. Doc. 3, ¶ 29.
⁹ R. Doc. 3, ¶ 52.
¹⁰ R. Doc. 3, ¶ 54.
¹¹ R. Doc. 3, ¶¶ 52, 54, & 56.
¹² R. Doc. 3, ¶¶ 53, 55, & 57.
¹³ R. Doc. 4.

the BRPD, EBRSO, LSP, Louisiana Sheriffs' Association Taskforce, and other law enforcement agencies."[14] Plaintiffs further assert that "some of Plaintiffs' claims may begin to prescribe as early as July 8, 2017" and that "[w]ithout obtaining the discovery sought…within the next several weeks, Plaintiffs may suffer irreparable harm to their rights."[15]

Per the Motion to Conduct Expedited Discovery, Plaintiffs "seek limited discovery solely to provide the full identities of fictitious Defendants whose conduct caused harm to the Plaintiffs"[16] and ask this court for leave to issue Rule 45 subpoenas for depositions under Fed. R. Civ. P. 30(b)(6) and the "production of employee rosters containing the names of: (1) Officers, Deputies, or Troopers responding to protests in Baton Rouge on July 8–10, 2016; (2) the BRPD, EBRSO, LSP, and LSA personnel in the chain of command of the protest response (for example, incident commanders); and (3) the law enforcement personnel assigned to the command headquarters or Emergency Operations Centers of the Governor's Office of Homeland Security and Emergency Preparedness (GOHSEP), the Mayor's Office of Homeland Security and Emergency Preparedness (MOHSEP), and the LSA Emergency Taskforce."[17] During the June 27, 2017 hearing, Plaintiffs presented the court with a draft Notice of Deposition and Request for Production of Documents to be issued to the Chief of the Baton Rouge Police Department. The proposed Notice and Request would require the Police Chief to designate one or more persons to testify regarding five topic areas and to produce five categories of documents. In response to questioning regarding the breadth of the proposed Notice, Plaintiffs' counsel further limited Plaintiffs' proposal to two topic areas:

---

[14] R. Doc. 4, p. 2.

[15] R. Doc. 4, p. 2.

[16] R. Doc. 4, p. 3.

[17] R. Doc. 4, p. 3.

(2) The name, job title, and rank of all law enforcement officers in the chain of command of the Baton Rouge Police Department and, to the best of your organization's knowledge, the names, job titles, and rank of all law enforcement officers in the chain of command for any law enforcement agency, law enforcement task force, or other collaborative endeavor that responded to protests in Baton Rouge of July 8-10, 2016; and

(5) The name, job title, and rank of the law enforcement officers who actually detained and arrested protestors in Baton Rouge from July 8-10, 2016, including but not limits to the fictitious defendants described in Para. 52-57, 101, 103-106, 116-17, 128-33, 155-56, 164-67, 177-82 of the Amended Complaint.

## II.  Law and Analysis

Federal Rule of Civil Procedure 45 authorizes the issuance of a subpoena to command a non-party to attend and testify at a deposition or produce designated documents, electronically stored information, or tangible things in its possession, custody, or control. Fed. R. Civ. P. 45(a)(1)(A)(iii). "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Fed. R. Civ. P. 26(d)(1) provides that, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Expedited discovery is not the norm; however, "in limited circumstances, district courts have allowed expedited discovery 'when there is some showing of irreparable harm that can be addressed by limited, expedited discovery.'" *ELargo Holdings, LLC v. Doe-68.105.146.38*, 318 FRD 58, 61 (M.D. La. Dec. 1, 2016).

"Although the Fifth Circuit has not explicitly adopted a standard to determine whether a party is entitled to expedited discovery, several district courts within the Fifth Circuit…have expressly utilized the 'good cause' standard when addressing the issue." *ELargo*, 318 FRD at 61 (M.D. La. Dec. 1, 2016) (collecting cases). *See also*, *Wilson v. Samson Contour Energy E&P,*

*LLC*, 2014 WL 2949457, at * 2 (W.D. La. June 30, 2014) (same; collecting cases); *BKGTH Productions, LLC v. Does 1-20*, 2013 WL 5507297, at * 4 (E.D. La. Sept. 30, 2013) (same). "The good cause analysis considers factors such as the 'breadth of the discovery requests, the purpose for requesting expedited discovery, the burden on [the responding party] to comply with the requests and how far in advance of the typical discovery process the request was made." *BKGTH Productions, LLC v. Does 1-20*, 2013 WL 5507297, at * 4 (E.D. La. Sept. 30, 2013). In such analysis, the court "must examine the discovery request 'on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" *Id*. (citing *St. Louis Group, Inc. v. Metals and Additives Corp., Inc. et al.*, 275 F.R.D. 236, 239-240 (S.D. Tex. 2011)). "The burden of showing good cause is on the party seeking the expedited discovery." *St. Louis Group, Inc. v. Metals and Additives Corp., Inc. et al.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011). "Moreover, the subject matter related to the requests for expedited discovery should be narrowly tailored in scope." *Id*.

Here, Plaintiffs assert that their initial arrest reports do not explicitly identify the arresting officer, nor do these reports identify the "Mobile Field Force Officers" or "processing team" referenced in the initial reports.[18] Plaintiffs further contend that "the probable cause affidavits sworn out by Defendants were, for all Plaintiffs, forms on which the description of probable cause had been pre-printed, with only the names of the arrestee, arresting officer, and notary differing" and that "[t]he affidavit, like the initial report, identifies no other arresting officers…."[19] Plaintiffs assert that in trying to identify the individual officers who participated in Plaintiffs' arrests, they made public records requests and "litigated in the 19th Judicial District Court two enforcement

---

[18] R. Doc. 4-1, p. 3.
[19] R. Doc. 4-1, p. 4.

actions to produce responses to those requests made to both BRPD and LSP."[20] During the June 27, 2017 hearing, Plaintiffs explained that they initiated their public records requests in September and October, 2016, and that mandamus actions in state court related to enforcement of the requests were filed in March, 2017. While Plaintiffs stated that a state court judge granted the relief sought, because no written judgment has been entered in that matter, Plaintiffs still have not received the information sought.

Plaintiffs have established good cause for expedited discovery limited solely to identifying the unknown officers, deputies, and sheriffs who participated in the arrests of the nine named Plaintiffs.[21] Although Plaintiffs filed this suit on March 23, 2017 and thereafter no activity occurred in this matter until June 14, 2017, during that time Plaintiffs have established that they diligently pursued other avenues, including a judicial enforcement action, to obtain the information they seek.[22] In brief and during the June 27, 2017 hearing, Plaintiffs expressed their concern that if they are unable to name these unknown defendants before July 8, 2017, such claims may

---

[20] R. Doc. 4-1, p. 4.

[21] Although Plaintiffs' Motion for Expedited Discovery also seeks discovery to identify UVW Insurance Company and XYZ Insurance Company, Plaintiffs have provided no basis to allow such expedited discovery. As discussed herein, Plaintiffs' Motion for Expedited Discovery is focused on identification of the individual Officer Does, Moes, and Roes. The court DENIES Plaintiffs' request for expedited discovery related to the identities of UVW Insurance Company and XYZ Insurance Company.

[22] During the June 27, 2017 hearing, Plaintiff's counsel was questioned regarding the timing of their Motion for Expedited Discovery and their delay in serving the named defendants. Based on Plaintiffs' counsel's explanation of the timeline of events, Plaintiffs were not dilatory in making their public records requests or seeking enforcement of same via mandamus. The issue was raised by counsel for the City of Baton Rouge why the Plaintiffs did not proceed with service of the Complaint in this matter to permit them to engage in the requested discovery. Although perhaps Plaintiffs should have done so, it is not clear that Plaintiffs would have obtained a different result. Under Fed. R. Civ. P. 16, a scheduling order is required to be issued within 90 days of serving on any defendant or within 60 days of appearance by any defendant. Even assuming Plaintiffs had immediately served their Complaint on one of the defendants in this action, the Rule 26(f) conference would not have taken place until, at the earliest, sometime in May. Additionally, the court routinely postpones a scheduling conference until all defendants are served to permit all parties to participate in the drafting of the required joint status report. Thus, even if Plaintiffs had elected to proceed with attempting to obtain the requested discovery within the normal course of this litigation, Plaintiffs would likely still be faced with the potential prescriptive issues raised in the Motion for Expedited Discovery.

prescribe.²³ Moreover, Plaintiffs explained during the June 27, 2017 hearing that, if required to amend based on the documentation they have received thus far (including overtime records showing officers, deputies, and troopers responding to the protest), they would have to name hundreds of additional defendants and thereafter reduce such list to those who actually participated in these particular Plaintiffs' arrests. Absent early identification of the unknown individual defendants, Plaintiffs will be faced with two untenable options – either allow certain claims to potentially prescribe, or name multiple (likely unnecessary) individuals based on the documentation received thus far via Plaintiffs' public records requests. Under such circumstances, where Plaintiffs have made a showing of their attempts to obtain this information without expedited discovery, and where such early identification may avoid naming multiple potentially innocent parties as defendants, good cause exists to allow Plaintiffs to proceed with some form of expedited discovery. *See*, *ELargo Holdings, LLC v. Doe-68.105.146.38*, 318 FRD 58, 61 (M.D. La. Dec. 1, 2016) (granting request for narrowly tailored expedited discovery after plaintiff showed previous efforts to obtain identity of actual alleged copyright infringer to avoid naming a potentially innocent party as a defendant in the action).

Although good cause exists for limited expedited discovery, Plaintiffs' current requests – even as limited during the June 27, 2017 hearing – remain too broad and would be unduly burdensome on responding parties. As set forth above, during the hearing, Plaintiffs' counsel provided a draft Notice of Deposition and Request for Production of Documents to be issued to

---

²³ In their Memorandum in Support of the Motion for Expedited Discovery, Plaintiffs assert that "Louisiana law and, by extension, the law governing Plaintiffs' civil rights action, requires that a tortfeasor be named in a lawsuit within one year of the injury. Naming a "John Doe" defendant does not interrupt prescription, and the identification of the actual defendant in an amended complaint after discovery does not generally 'relate back' under Federal Rule of Civil Procedure." R. Doc. 4-1, p. 6 (citing *Jacobsen v. Osborn*, 133 F.3d 315 (5th Cir. 1998)). No finding is made herein regarding whether certain of Plaintiffs' claims would prescribe beginning July 8, 2017, or whether a subsequent amendment to the complaint to name the currently unknown defendants would relate back.

the Chief of the Baton Rouge Police Department. In response to questioning regarding the breadth of the proposed Notice, Plaintiffs' counsel further limited Plaintiffs' proposal to two topic areas:

> (2) The name, job title, and rank of all law enforcement officers in the chain of command of the Baton Rouge Police Department and, to the best of your organization's knowledge, the names, job titles, and rank of all law enforcement officers in the chain of command for any law enforcement agency, law enforcement task force, or other collaborative endeavor that responded to protests in Baton Rouge of July 8-10, 2016; and

> (5) The name, job title, and rank of the law enforcement officers who actually detained and arrested protestors in Baton Rouge from July 8-10, 2016, including but not limited to the fictitious defendants described in Para. 52-57, 101, 103-106, 116-17, 128-33, 155-56, 164-67, 177-82 of the Amended Complaint.

Plaintiffs' proposed discovery, which anticipates taking corporate depositions of multiple entities, is much broader than what is necessary to meet Plaintiffs' professed need. As discussed during the hearing, even if such discovery was allowed, it is doubtful that such broad discovery could be completed prior to July 8, 2017.

Moreover, even as limited to topics 2 and 5, Plaintiffs' requests are not narrowly tailored in scope and would impose too great a burden on responding parties. Plaintiffs' briefing and argument during the June 27, 2017 hearing focused on the necessity of identifying the names of the Officer Does, Deputy Roes, and Trooper Moes that actually participated in the arrests of the nine named Plaintiffs. Although Plaintiffs have demonstrated good cause to discover the names of the individuals who actually participated in the arrests of the named Plaintiffs, they have not adequately established good cause to discover the individuals "in the chain of command," nor have they explained the scope of what they consider the "chain of command" to be.[24] Further, both topics areas are not limited to identifying only those unknown individuals who participated in

---

[24] As noted at the hearing by the undersigned, presumably all law enforcement officers are somewhere "in the chain of command."

9

Plaintiffs' arrests and instead seek to identify all individuals who generally responded to the July 8-10, 2016 protests, including those from agencies other than the agency to whom the Notice is directed. In order to limit the burden imposed on responding parties, the court will allow Plaintiffs to issue limited subpoenas duces tecum to the Baton Rouge Police Department, the Sheriff of East Baton Rouge Parish, the Louisiana State Police, the Louisiana Sheriffs' Association Taskforce, The City of Baton Rouge, East Baton Rouge Parish, Sid J. Gautreaux III, Carl Dabadie Jr., Col. Michael Edmonson, Sheriff Mike Cazes, and the Louisiana Sheriffs' Association, to be answered on or before July 7, 2017. The subpoenas may seek only the following:

> The name, job title, and rank of the law enforcement officers who actually detained and arrested Leroy Tennart, Deon Tennart, Eddie Hughes, III, individually and on behalf of Godavari Hughes, Brachell Brown, Christopher Brown, Elcide Harris, Zachary Hill, and/or Thomas Hutcherson in Baton Rouge from July 8-10, 2016, including but not limited to the fictitious defendants described in Para. 52-57, 101, 103-106, 116-17, 128-33, 155-56, 164-67, 177-82 of the Amended Complaint.

### III. Conclusion

For the reasons set forth herein, Plaintiffs' Motion to Conduct Pre-Rule 26(f) Conference Expedited Discovery Regarding Identities of Fictitious Defendants (the "Motion to Conduct Expedited Discovery")[25] is **GRANTED IN PART**. Plaintiffs are granted leave to issue limited subpoenas duces tecum to the Baton Rouge Police Department, the Sheriff of East Baton Rouge Parish, the Louisiana State Police, the Louisiana Sheriffs' Association Taskforce, The City of Baton Rouge, East Baton Rouge Parish, Sid J. Gautreaux III, Carl Dabadie Jr., Col. Michael Edmonson, Sheriff Mike Cazes, and the Louisiana Sheriffs' Association to be answered on or before July 7, 2017. The subpoenas may seek only the following:

---

[25] R. Doc. 4.

> The name, job title, and rank of the law enforcement officers who actually detained and arrested Leroy Tennart, Deon Tennart, Eddie Hughes, III, individually and on behalf of Godavari Hughes, Brachell Brown, Christopher Brown, Elcide Harris, Zachary Hill, and/or Thomas Hutcherson in Baton Rouge from July 8-10, 2016, including but not limited to the fictitious defendants described in Para. 52-57, 101, 103-106, 116-17, 128-33, 155-56, 164-67, 177-82 of the Amended Complaint.

The Motion to Conduct Expedited Discovery is **DENIED** in all other respects.

Signed in Baton Rouge, Louisiana, on June 28, 2017.

                          **ERIN WILDER-DOOMES**
                          **UNITED STATES MAGISTRATE JUDGE**