# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

LEROY TENNART, ET AL.

VERSUS

CITY OF BATON ROUGE, ET AL.

CIVIL ACTION

NO. 17-179-JWD-EWD

## ORDER

This matter comes before the Court on the *Motion to Dismiss* (Doc. 117) filed by the East Baton Rouge Sheriff's Office ("EBRSO") Defendants. Plaintiffs oppose the motion (Doc. 137), and EBRSO Defendants have filed a reply (Doc. 159). Oral argument was heard today. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For oral reasons to be assigned,

**IT IS ORDERED** that EBRSO Defendants' motion is **GRANTED IN PART**, **DENIED IN PART**, and **DEFERRED IN PART.**

**IT IS FURTHER ORDERED** that the motion to dismiss the operative complaint for being an improper shotgun pleading is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the claims asserted against Sheriff Gautreaux in his individual capacity are **DISMISSED.** Plaintiffs have failed to adequately allege personal participation by Gautreaux in the underlying constitutional violations.

**IT IS FURTHER ORDERED** that, with respect to the claims against the Individual EBRSO Deputies in their individual capacity, (a) all claims against Gregory Dale Dicharry, Robert Dixon, and Todd Morris are **DISMISSED**, as these EBRSO Defendants were not present during any of the arrests or uses of force; (b) all of Eddie Hughes' claims are **DISMISSED** for failure to state a viable claim; (c) each Plaintiff's claims for manufacturing evidence and deliberate

indifference to medical needs (to the extent asserted) are **DISMISSED**, for failure to state a viable claim; (d) Godavari Hughes and Ellicde Harris' claims for excessive force (to the extent asserted) are **DISMISSED**, for failure to state a viable claim; and (e) in all other respects, while the Plaintiffs have adequately pled enough to overcome qualified immunity, the Court cannot determine at this time whether any of the Individual EBRSO Deputies are entitled to qualified immunity. Thus, the Court will defer ruling on each Plaintiff's claims to allow limited written discovery on the narrow issue of which Individual EBRSO Deputies (if any) were involved in the alleged constitutional violations. The Magistrate Judge will determine what limited discovery will be allowed for this issue.

**IT IS FURTHER ORDERED** that, with respect to the claims for a conspiracy under § 1983 and § 1985(3), the motion is **GRANTED IN PART** and **DEFERRED IN PART**. The motion is **GRANTED** in that the claims against the Individual EBRSO Deputies for a conspiracy are **DISMISSED**; for these defendants, Plaintiffs have alleged only parallel conduct without sufficient allegations of the time, place, and circumstances of any agreement. The motion is **DEFERRED** with respect to the conspiracy claims against Sheriff Gautreaux; while Plaintiffs have adequately alleged an agreement, the Court will defer ruling until limited discovery has been done as to any constitutional violation, as outlined above.

**IT IS FURTHER ORDERED** that, with respect to the claims against Sheriff Gautreaux in his official capacity, the motion is **GRANTED IN PART** and **DEFERRED IN PART.** The motion is **GRANTED** in that (a) Plaintiffs have no official capacity claim for deliberate indifference to medical care, for lack of an underlying constitutional violation; (b) Plaintiffs have failed to adequately plead a claim for a custom of unlawful arrest and excessive force, for lack of prior incidents in sufficient number and kind; (c) Plaintiffs have failed to state a claim for failure

to train, supervise, and implement a policy, as Plaintiffs have failed to adequately plead deliberate indifference through either a pattern of similar incidents or the narrow single incident exception; and (d) Plaintiffs have failed to state a claim for ratification liability, as this case does not present the type of extreme situation in which ratification liability attaches. The motion is **DEFERRED** in that, while Plaintiffs have adequately pled a single policy decision that may have been the moving force of constitutional violations and that was made with deliberate indifference, limited discovery is needed to determine if Plaintiffs can plead an underlying constitutional violation by an EBRSO Deputy, as outlined above.

**IT IS FURTHER OREDERED** that the claims against the Individual EBRSO Deputies in their official capacity are **DISMISSED**. As Plaintiffs conceded, these defendants are not final policymakers.

**IT IS FURTHER ORDERED** that, with respect to the state law claims, the motion is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**. These claims largely mirror the federal claims. As to the state law conspiracy claims, the motion is **GRANTED** as to the Individual EBRSO Deputies (for lack of a meeting of the minds) but **DENIED WITHOUT PREJUDICE** with respect to Gautreaux, pending the limited discovery outlined above. As to the other alleged torts, the motion is **GRANTED** as to Gautreaux in his individual capacity for lack of personal involvement but **DENIED WITH PREJUDICE** as to the Individual EBRSO Deputies and as to Gautreaux for the claims of vicarious liability. The sole exception to this is the abuse of process claims, all of which are **DISMISSED**.

**IT IS FURTHER ORDERED** that, to the same extent Plaintiffs' claims were dismissed against the EBRSO Defendants, Plaintiffs' claims against Nova are also dismissed.

**IT IS FURTHER ORDERED** that, to the extent the motion is granted, Plaintiffs are given leave to amend their complaint to cure the deficiencies. Plaintiffs must file their next amended complaint within thirty (30) days of the completion of the limited discovery set forth above.

Signed in Baton Rouge, Louisiana, on <u>September 6, 2018</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**