# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

LEROY TENNART, ET AL.

VERSUS

CITY OF BATON ROUGE, ET AL.

CIVIL ACTION

NO. 17-179-JWD-EWD

# ORDER

This matter comes before the Court on the *Motion to Dismiss Pursuant to Rule 12(b)(6)* (Doc. 122) by the Livingston Parish Sheriff's Office ("LPSO") Defendants. Plaintiffs oppose the motion (Doc. 137), and LPSO Defendants have filed a reply (Doc. 150). Oral argument was heard today. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For oral reasons to be assigned,

**IT IS ORDERED** that LPSO Defendants' motion is **GRANTED IN PART**, **DENIED IN PART**, and **DEFERRED IN PART.**

**IT IS FURTHER ORDERED** that, with respect to the claims against the Individual LPSO Deputies in their individual capacity (other than conspiracy), the motion is **GRANTED** as to all of Plaintiffs' claims except the claims by Plaintiffs Brachell Brown and Christopher Brown. All Plaintiffs except Brachell and Christopher Brown have failed to allege that they suffered any constitutional violation by any Individual LPSO Deputy. As to Brachell and Christopher Brown, while the Plaintiffs have adequately pled enough to overcome qualified immunity, the Court cannot determine at this time whether any of the Individual LPSO Deputies are entitled to qualified immunity. Thus, the Court will defer ruling on each Plaintiff's claims to allow limited written discovery on the narrow issue of which Individual LPSO Deputies (if any) were involved in the alleged constitutional violations. The Magistrate Judge will determine what limited discovery will

be allowed for this issue.

**IT IS FURTHER ORDERED** that, with respect to the claims against the Individual LPSO Deputies for conspiracy under § 1983 and § 1985(3), the motion is **GRANTED**. Plaintiffs have failed to adequately allege the time, place, and circumstances of any agreement by these defendants. Plaintiffs have alleged only parallel conduct, which is insufficient.

**IT IS FURTHER OREDERED** that the claims against the Individual LPSO Deputies in their official capacity are **DISMISSED**. As Plaintiffs conceded, these defendants are not final policymakers.

**IT IS FURTHER ORDERED** that with respect to the claims against Sheriff Ard in his individual capacity, the motion is **GRANTED**. Plaintiffs have failed to state a claim against Sheriff Ard (a) for individual constitutional violations, for lack of personal participation, and (b) for conspiracy under § 1983 and § 1985(3), for failing to adequately plead the time, place, or circumstances of Ard's alleged agreement with the other upper-level defendants.

**IT IS FURTHER ORDERED** that, with respect to the claims against Sheriff Ard in his official capacity, the motion is **GRANTED**. Plaintiffs have failed to allege any unconstitutional custom. Further, they have failed to adequately plead that Ard acted with deliberate indifference. The failure to train, supervise, and implement policies claims also fails for lack of deliberate indifference. Lastly, Plaintiffs' claims for ratification fail because Plaintiffs have not pled the type of extreme factual scenario required for ratification liability.

**IT IS FURTHER ORDERED** that, with respect to the state law claims, the motion is **GRANTED IN PART** and **DENIED IN PART WITHOUT PREJUDICE**. These claims mirror the federal ones. Thus, all state law claims against the Individual LPSO Deputies are dismissed except those asserted by Brachell and Christopher Brown (other than conspiracy). As to these, the

Court defers ruling pending the limited discovery outlined above.  With respect to Sheriff Ard, all claims are dismissed except those involving vicarious liability and Brachell and Christopher Brown, which requires further discovery on the identities of the officers involved.

**IT IS FURTHER ORDERED** that, to the extent the motion is granted, Plaintiffs are given leave to amend their complaint to cure the deficiencies. Plaintiffs must file their next amended complaint within thirty (30) days of the completion of the limited discovery set forth above.

Signed in Baton Rouge, Louisiana, on September 6, 2018.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**