# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEROY TENNART, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-179-JWD-EWD** |
| **CITY OF BATON ROUGE, ET AL.** | |
| | |
| **MAX GELLER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-324-JWD-EWD** |
| **CITY OF BATON ROUGE, ET AL.** | |
| | |
| **NIKOLE SMITH, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-436-JWD-EWD** |
| **CITY OF BATON ROUGE, ET AL.** | |
| | |
| **SHONTA JACKSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-438-JWD-EWD** |
| **CITY OF BATON ROUGE, ET AL.** | |
| | |
| **BLAIR IMANI, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-439-JWD-EWD** |
| **CITY OF BATON ROUGE, ET AL.** | |
| | |
| **LISA BATISTE-SWILLEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-443-JWD-EWD** |
| **CITY OF BATON ROUGE, ET AL.** | |

**DISCOVERY CONFERENCE NOTICE AND ORDER**

Discovery in the above-captioned matters between plaintiffs and certain defendants asserting the defense of qualified immunity was previously stayed pending resolution of the issues raised in Motions to Dismiss.[1] During a hearing on the Motions to Dismiss asserting qualified immunity,[2] the District Judge dismissed certain claims against some of the defendants who had asserted the qualified immunity defense, but deferred ruling on other of plaintiffs' claims to allow limited discovery.[3] This limited discovery is intended to determine the identities of individuals who allegedly violated plaintiffs' constitutional rights, and is contemplated to be limited, at least as an initial matter, to written discovery.[4]

---

[1] *Tennart, et al. v. City of Baton Rouge, et al.*, Civil Action No. 17-179-JWD-EWD ("*Tennart*"), R. Doc. 162; *Geller v. City of Baton Rouge, et al.*, Civil Action No. 17-324-JWD-EWD ("*Geller*"), R. Doc. 107; *Nikole Smith, et al. v. City of Baton Rouge, et al.*, Civil Action No. 17-436-JWD-EWD ("*Smith*"), R. Doc. 109; *Shonta Jackson, o/b/o her minor daughter, A.R. v. City of Baton Rouge, et al.*, Civil Action No. 17-438-JWD-EWD ("*Jackson*"), R. Doc. 60; *Imani, et al. v. City of Baton Rouge, et al.*, Civil Action No. 17-439-JWD-EWD ("*Imani*"), R. Doc. 118; *Batiste-Swilley v. City of Baton Rouge, et al.*, Civil Action No. 17-443-JWD-EWD ("*Batiste-Swilley*"), R. Doc. 104.

In *Tennart*, discovery was stayed between plaintiffs and Sheriff Sid J. Gautreaux, III, Sheriff of East Baton Rouge Parish ("Sheriff Gautreaux"), AIX Group, d/b/a/ NOVA Casualty Company ("Nova"), individually named deputies of the East Baton Rouge Sheriff's Office, Jason Ard, the Sheriff of Livingston Parish ("Sheriff Ard"), and the individually named officers of the Livingston Parish Sheriff's Office based on the defendants' assertions of qualified immunity in Motions to Dismiss. *Tennart*, R. Docs. 117, 118, 122 & 123. In *Geller*, discovery was stayed as between plaintiff and Sheriff Gautreaux and Nova premised on defendants' assertion of qualified immunity in a Motion to Dismiss. *Geller*, R. Docs. 80 & 83. In *Smith*, discovery was stayed as between plaintiffs and Sheriff Gautreaux, Nova, individually named deputies of the East Baton Rouge Sheriff's Office, Sheriff Ard, and individually named officers of the Livingston Parish Sheriff's Office. *Smith*, R. Docs. 65, 66, 70, & 71. In *Jackson*, discovery was stayed between plaintiff and Sheriff Gautreaux and Nova based on the assertion of qualified immunity in a Motion to Dismiss. *Jackson*, R. Docs. 34 & 35. In *Imani*, discovery was stayed between plaintiffs and Sheriff Gautreaux and Nova pending resolution of a Motion to Dismiss asserting qualified immunity. *Imani*, R. Docs. 92 & 96. In *Batiste-Swilley*, discovery was stayed between plaintiff and Sheriff Gautreaux, Nova, individually named deputies of the East Baton Rouge Sheriff's Office, Sheriff Ard, and individually named officers of the Livingston Parish Sheriff's Office pending resolution of issues raised in Motions to Dismiss asserting qualified immunity. R. Docs. 62, 64, 65, & 68. Written discovery between plaintiffs in these cases and defendants which had not asserted the defense of qualified immunity was not stayed.

[2] *See*, *Tennart*, R. Docs. 184, 183, 185, & 186.

[3] *See*, *Tennart*, R. Docs. 172 & 173; *Geller*, R. Doc. 111; *Smith*, R. Docs. 117, 118, & 119; *Jackson*, R. Doc. 67; *Imani*, R. Docs. 131, 132, & 134; *Batiste-Swilley*, R. Docs. 111 & 112.

[4] *See*, *Tennart*, R. Doc. 184, p. 17 ("I will allow limited discovery on the issue of which individual EBRSO deputy, if any, was involved in arresting and dealing with each of the plaintiffs. While EBRSO defendants submit evidence of responding to a public records request…I will, at the very least, allow written consolidated discovery on the identities of the deputies involved in these incidents. I do not think the depositions of officers are necessary, particularly since discovery on this issue must be narrowly tailored so as to allow the court the ability to resolve the issue of qualified immunity. Nevertheless, depending on the answers provided by the EBRSO defendants, the court will entertain

**IT IS HEREBY ORDERED** that an in-person discovery conference is set for Wednesday January 23, 2019 at 10:30 a.m. before the undersigned Magistrate Judge at the Russell B. Long Federal Building and Courthouse, 777 Florida Street, Courtroom Number 5, in Baton Rouge, Louisiana to discuss proposed written discovery and associated deadlines.

**IT IS FURTHER ORDERED** that the parties in each case shall jointly submit, no later than January 15, 2019, a joint submission setting forth: (1) proposed written discovery requests limited to the information necessary to resolve the issues deferred in the pending Motions to Dismiss; and (2) proposed deadlines for responding to the limited written discovery. To the extent the parties in any of the above-captioned cases disagree regarding a specific discovery request or the deadlines to respond to the limited written discovery, such disagreement shall be noted in the joint submission. However, the undersigned is confident that the parties will be able to jointly submit a proposal in each of the captioned matters setting out mutually acceptable proposed limited written discovery and deadlines without the necessity of court intervention.

Signed in Baton Rouge, Louisiana, on December 4, 2018.

*[signature: Erin Wilder-Doomes]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

motions for further discovery which will first be referred to the magistrate judge."); R. Doc.183, p. 23 ("It must be emphasized that the court can only allow limited discovery as is necessary to resolve the issue of qualified immunity. The court believes that it would be unreasonable to depose all LPSO deputies to determine defendant identity and that well-crafted written discovery could make – or would make more sense. Nevertheless, depending upon the answers provided by LPSO defendants, the court will entertain motions for further limited discovery, though these motions will first be referred to the magistrate judge").