UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LEROY TENNART, *et al.*, | |
| Plaintiffs, | Case No. 17-CV-179-JWD-EWD |
| v. | JUDGE JOHN W. DEGRAVELLES |
| CITY OF BATON ROUGE, *et al.*, | MAG. ERIN WILDER-DOOMES |
| Defendants. | |

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
LSP DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

I. Introduction

Leroy Tennart, Deon Tennart, Thomas Hutcherson, Zachary Hill, Eddie Hughes, Godavari Hughes, Brachell Brown, Christopher Brown, Plaintiffs in this civil action ("Plaintiffs"), oppose the Motion for Judgment on the Pleadings filed by thirty-eight (38)[1] of the forty (40)[2] Louisiana State Police ("LSP") Defendants sued in this case.

---

[1] Michael Edmonson, Jacob Brown, Murray Buquet, Louis Calato, Samuel Capaci, Brittany Caughlin, Justin Chiasson, Scott Coco, Brian Coghlan, Joseph Dessens, Ian Dollins, Robert Downs, David Easley, Trey Elliott, Chad Guidry, Aaron Guilliams, Glenn Hale, Joseph Hall, Stephen Hammons, Joseph Hasselbeck, Jeffrey Holley, Richard Horton, Jonathan James, Chris Jordan, Christopher Kelley, John Kelly, Caleb Kennedy, Tyler Latiolais, Matthew Lemmons, Blake Lemoine, James McGehee, Herman Newell, Murphy Paul, Joey Schouest, Reginald Taylor, Richard Watson, and Francis Woods. R. Doc. 301, 301-1.

[2] For reasons unexplained in their motion and memorandum, two LSP Defendants named in the currently operative pleading (the Fourth Amended Complaint) have not joined the Motion for Judgment on the Pleadings: John Clary (R. Doc. 56 ¶ 168) and Mark Dennis (R. Doc. 56 ¶ 172). LSP Defendants' argument in support of dismissing Michael Edmonson is based on the theory that "a Section 1983 conspiracy claim requires an underlying constitutional violation by any member of the conspiracy," and that "the individual LSP troopers are all entitled to qualified immunity." However, because Defendants Clary and Dennis have not moved for the dismissal of the Fourth Amended Complaint, this argument regarding Edmonson has no force. For that reason, even if this Court grants LSP Defendants' motion, the claims against Defendants Edmonson, Clary, and Dennis cannot be dismissed.

The motion is premature. All current parties to this case made a joint recommendation that the deadline for seeking to amend pleadings be November 30, 2020.[3] The Court's most recent Scheduling Order established that deadline.[4] Plaintiffs filed their Motion for Leave to File Fifth Amended Complaint on that deadline.[5] If the Court grants the Motion to Amend, LSP's Motion for Judgment on the Pleadings will be moot.[6]

Contrary to LSP Defendants' argument, they are not in the same position as the East Baton Rouge Parish Sheriff's Office ("EBRSO") Defendants. Those defendants filed their first dispositive motions much earlier than LSP Defendants did.[7] As a result, Plaintiffs were allowed qualified immunity discovery from EBRSO Defendants that enabled them to amend their Complaint as against those parties on November 14, 2019.[8] But at the time of filing that Fourth Amended Complaint, Plaintiffs were still awaiting responses to discovery Plaintiffs had propounded to LSP Defendants in July 2019. Some LSP Defendants provided responses to Plaintiffs' discovery in April 2020; the responses of the remaining LSP Defendants trickled in through August 2020. Therefore, at the time Plaintiffs filed their November 2019 Fourth Amended Complaint, Plaintiffs could not have included more concrete allegations against LSP Defendants as a result of LSP's own lag in discovery response time.

---

[3] R. Doc. 291 at 14.

[4] R. Doc. 300 at 1.

[5] R. Doc. 303 (motion), 303-1 (proposed Fifth Amended Complaint), 303-2 (memorandum).

[6] *State of Louisiana v. Bank of America Corp.*, Civ. Action No. 19-638-SDD-SDJ, 2020 WL 3966875 (M.D. La. July 13, 2020); *Williamson v. Wyeth, Inc.*, Civ. Action No. 09-736-BAJ-DLD, 2010 WL 3312589 (M.D. La. Aug. 19, 2010).

[7] *Compare* R. Doc. 117 (EBRSO Defendants' Motion to Dismiss, filed January 24, 2018) *with* R. Doc. 205 (LSP Defendants' Motion for Summary Judgment, filed June 24, 2019).

[8] R. Doc. 238.

The discovery from LSP is significant. In their proposed Fifth Amended Complaint, Plaintiffs have identified four (4) LSP Defendants who, they allege, directly participated in the arrests of Leroy Tennart, Deon Tennart, Zachary Hill, and/or Thomas Hutcherson.[9] Plaintiffs further allege that another seven (7) LSP Defendants were present in the immediate vicinity of those four Plaintiffs both immediately before and during their arrests, personally saw the arrests, knew from the events they witnessed that the arrest and use of force against these four plaintiffs were unjustified and violated their constitutional and state law rights, and failed to intervene to prevent or stop those violations.[10] Of this second group, two were supervisors, and therefore had clear authority to attempt to stop the continuing constitutional and state law violations.[11] Including Superintendent Edmonson,[12] this results in twelve (12) LSP Defendants who would remain in the case. The other thirty-four (34) LSP Defendants will be dismissed from this case if this Court grants leave for the filing of the Fifth Amended Complaint.[13]

By making concrete allegations of liability against the 12 remaining LSP Defendants, Plaintiffs have cured the deficiencies asserted by LSP Defendants. If the Court does not dismiss

---

[9] R. Doc. 303-1 at ¶¶ 160 (Brown – took one or more Plaintiffs from the site of their respective arrests to the prisoner processing station), 162 (Buquet – actually made arrests of one or more Plaintiffs), 172 (Dennis – gave orders to arrest one or more Plaintiffs), and 189 (Lemmons – took one or more Plaintiffs from the site of their respective arrests to the prisoner processing station).

[10] *Id*. at ¶¶ 167 (Chaisson), 168 (Clary), 173 (Dessens), 174 (Dollins), 176 (Easley), 179 (Guilliams), 181 (Hasselbeck).

[11] *Id*. at ¶¶ 168 (Clary) and 181 (Hasselbeck).

[12] *Id*. at ¶ 24.

[13] *Id*. at ¶¶ 161 (Bunch), 163 (Calato), 164 (Cannatella),165 (Capaci), 166 (Caughlin), 169 (Coco), 170 (Cook), 171 (Coghlan), 175 (Downs), 177 (Elliott), 178 (Guidry), 180 (Hammons), 182 (Holley), 183 (Horton), 184 (James), 185 (Jordan), 186 (Kelley), 187 (Kelly), 188 (Latiolas), 190 (Mayon), 191 (McCartney), 192 (McConnell), 193 (McGehee), 194 (Newell), 195 (Schouest), 196 (Taylor), 197 (Watson), 198 (Woods), 199 (Thompson), 200 (Hale), 201 (Hall), 202 (Kennedy), and 203 (Lemoine). Defendant Murphy Paul, who at the time of the protests was Lt. Colonel of the State Police, is also dismissed in his individual capacity. Mr. Paul is now Chief of Police of the City of Baton Rouge, so he remains a Defendant in his official capacity. *See id*. at ¶ 204.

the Motion for Judgment on the Pleadings without prejudice as moot, the motion should be denied on the merits.

### II. LSP Defendants took a different approach to this litigation and as a result, are not in the same position as EBRSO and LPSO Defendants.

LSP Defendants assert that "[t]here is no meaningful difference between the claims made against the LSP Defendants by Plaintiff and the claims against the East Baton Rouge Parish Sheriff and individual sheriff's deputies in their personal capacities ("EBRSO Defendants") which were recently dismissed by this Court via a Rule 12(b) Motion to Dismiss."[14]

This statement fails to account for the history of this litigation; that history, however, is critical to understanding how LSP Defendant's position is significantly different from those of the EBRSO and LPSO Defendants. Plaintiffs filed this civil action on March 23, 2017.[15] The sheer number of law enforcement officers on the scene, combined with the fact that the vast majority of law enforcement officers were outfitted in a manner that covered their names and badge numbers, presented significant obstacles to the determination which law enforcement officers were involved in the events that give rise to this lawsuit.[16]

Prior to filing the present suit, Plaintiffs' counsel conducted a thorough investigation in an effort to identify the law enforcement officers who had violated Plaintiffs' rights. As part of this investigation, was Plaintiffs' counsel submitted a public records request to LSP on October 13, 2016.[17] Following a mandamus action in state court to obtain responses to this records request, on June 9, 2017, LSP produced responsive documents that included 480 pages of LSP

---

[14] LSP Defendants' Memorandum in Support of Motion for Judgment on the Pleadings (R. Doc. 301-1) at 1-2.
[15] R. Doc. 1.
[16] *See generally* R. Doc. 30 (allowing pre-Rule 26 discovery to identify defendants).
[17] R. Doc. 209-4 (Foley Declaration).

4

trooper timesheets for the period spanning July 4–17, 2016.[18] Plaintiffs thus identified a universe of LSP Troopers who were assigned to respond to the protests on July 10, 2016, but were given little additional concrete information. The same was true of law enforcement officers from other agencies.

Because of the number of defendants, there was a significant time period during which service or waiver of service was accomplished. LSP Defendants filed two Answers with Defenses on November 1 and December 11, 2017.[19] In November 2017, Louisiana Sheriff's Association Defendants moved for summary judgment.[20] In a January 10, 2018 status conference, the Court "clarified that discovery is not open in [this] case at this juncture."[21] Shortly after, in January and February of 2018, the EBRSO and LPSO Defendants filed motions to dismiss on grounds of qualified immunity.[22] These were accompanied by motions to stay discovery.[23]

Following oral argument on these pending dispositive motions, the Court ordered on September 6, 2018, that Plaintiffs could proceed with "limited discovery" against EBRSO, LPSO, and LSA Defendants.[24] The Court noted at a December 6, 2018 conference that discovery against other parties, including LSP Defendants, would also be limited to written discovery pending resolution of the EBRSO and LPSO motions to dismiss.[25]

---

[18] *Id*.

[19] R. Doc. 93, 105.

[20] R. Doc. 98.

[21] R. Doc. 111 at 5.

[22] The motions were filed January 24, 2018 (EBRSO Defendants), R. Doc. 117, and January 25, 2018 (LPSO Defendants), R. Doc. 122.

[23] R. Doc. 118 (EBRSO); R. Doc. 65 (LPSO).

[24] R. Doc. 172 (on EBRSO motion); R. Doc. 173 (on LPSO motion); R. Doc. 174 (on LSA motion)

[25] R. Doc. 190 at 2 n.1.

By contrast, LSP Defendants delayed filing any dispositive motion until June 24, 2019, when they filed their Motion for Summary Judgment.[26] Plaintiff opposed the motion due to the lack of full discovery (including, for example, depositions) and discrepancies between the LSP statements in the affidavits and those in the timesheet records produced by LSP under the Public Records Law.[27] Plaintiff had propounded interrogatories and requests for production of documents to the LSP Defendants on July 15, 2019.[28]

The discovery propounded to LSP Defendants included interrogatories seeking each defendant's duties during the protests, whether they witnessed or participated in any arrests, and the identification of their supervisors.[29] It also included a reference to several photo and video files that were sent to LSP Defendants' counsel via the file-sharing program Dropbox. Stills from the video of Zachary Hill's arrest, for example, show LSP Troopers surrounding Zachary Hill after he is taken to the ground:



---

[26] R. Doc. 205. The motion was accompanied by affidavits from the LSP Defendants. R. Doc 205-3.

[27] R. Doc. 143.

[28] *See* Exhibit A, Declaration of Eric Foley ("Foley Decl.") with attachments,

[29] Foley Decl.

Focusing on the middle of this picture, at least one of the law enforcement officers who restrained Mr. Hill had the distinctive LSP patch on his sleeve, visible through the body armor:



And when Mr. Hill is stood up, LSP Troopers are close enough to the arrest to have stepped forward and stopped it:



Thus, in their July 17, 2019 opposition to summary judgment, Plaintiffs asked under Fed. R. Civ. P. 56(d) for the dispositive motion to be stayed pending responses to that written discovery.[30] At the August 7, 2019 Status Conference at which LSP's Motion for Summary Judgment and Plaintiffs' Opposition and Rule 56(d) Requests were considered, LSP Defendants agreed to withhold their motion and to answer Plaintiffs' discovery. The Court summarized

> Regarding the Rule 56(d) Requests, counsel for the LSP defendants stated that **the LSP defendants did not object to further discovery targeted to the issue of whether individual LSP trooper defendants were on duty on a particular date or participated in a particular arrest.** Counsel for the LSP defendants also stated that **the LSP defendants were in the process of responding to written discovery requests** that were broader than the issue of which LSP individual troopers were on duty and participated in arrests. Counsel for the *Tennart*, *Smith*, and *Batiste-Swilley* plaintiffs argued that additional discovery regarding plaintiffs' failure to intervene claims was also needed, and correctly noted that the LSP trooper defendants had not previously filed Motions to Dismiss asserting qualified immunity.[31]

The Court clarified:

> Later in the conference, the undersigned explained that the Court had previously stayed all discovery as between plaintiffs in the various actions and defendants who had asserted qualified immunity to allow resolution of the qualified immunity defense. With respect to defendants who had not asserted qualified immunity, the Court allowed written discovery, but no depositions were allowed.[32]

During the summer of 2019, as Plaintiffs awaited the responses to the written discovery they had propounded to LSP Defendants, they were receiving qualified immunity discovery from EBRSO and LPSO. Plaintiffs were required to file their Fourth Amended Complaint

---

[30] R. Doc. 211.

[31] R. Doc. 216 at 3-4 (emphasis added).

[32] *Id.* at 4 n.11.

8

incorporating the discovery from EBRSO and LPSO Defendants by November 14, 2019.[33] They did so.[34] But as late as that November 2019 date, Plaintiffs had received not a single discovery response from LSP Defendants. LSP Defendants had requested extensions to respond on a monthly basis. Thus, Plaintiffs had no additional information with which to make more concrete allegations against LSP Defendants in the Fourth Amended Complaint.

EBRSO Defendants filed a second motion to dismiss on January 13, 2020;[35] after full briefing and argument, that motion was granted by this Court on August 19, 2020.[36] During the time that EBRSO Defendants' second motion was pending in 2020, LSP Defendants responded to Plaintiffs' July 9, 2018 interrogatories and requests for production of documents. The first set of LSP Defendants' discovery responses were received in April 2020, and responses continued to be submitted through August 2020.

Thus, at the point this Court granted EBRSO Defendants' motion to dismiss, LSP Defendants were in the position that their EBRSO counterparts had occupied the previous year: their first dispositive motion was stayed pending further discovery, they had just submitted that discovery, and Plaintiffs were to be entitled to use that discovery to identify which LSP Defendants should remain in the case and craft specific allegations regarding those individuals.

As mentioned above, after LSP's responses to Plaintiffs' interrogatories and requests for production of documents were received, and after this Court's ruling dismissing EBRSO Defendants from the case, the remaining parties to this case submitted their Joint Status Report –

---

[33] *Id.* at 14.

[34] R. Doc. 238 (November 14, 2019).

[35] R. Doc. 256.

[36] R. Doc. 286.

the first joint status report ever in this case – in which they made a joint recommendation that the deadline for seeking to amend pleadings be November 30, 2020.[37] The Court's most recent Scheduling Order established that deadline.[38] Plaintiffs filed their Motion for Leave to File Fifth Amended Complaint on that deadline.[39]

### III. Plaintiffs' allegations against LSP Defendants are significantly different from those against EBRSO Defendants.

As a result of the written discovery, Plaintiffs gained information regarding a limited number of LSP Defendants, most of whom were assigned to the LSP SWAT team or Mobile Field Force, who were in very close proximity to the arrests and uses of excessive force against Plaintiffs Leroy Tennart, Deon Tennart, Zachary Hill, and Thomas Hutcherson, and either participated directly in those arrests or were close enough to the incidents that they had an opportunity to intervene to prevent or stop the violations of these four Plaintiffs' rights. As set forth in Section I above, this discovery reveals that LSP Defendants played a central role in the violations of the four arrests on July 9, 2016—much more so than their EBRSO counterparts.

#### A. *Four LSP Defendants were personally involved in arrests.*

LSP Defendants Jacob Brown, Murray Buquet, Mark Dennis, and Matthew Lemmons allegedly participated in the arrests and excessive uses of force of Leroy Tennart, Deon Tennart, Zachary Hill, and Thomas Hutcherson: Defendants Brown, Buquet, Dennis, and Lemmons.[40] A seizure of a person without legal process (in the case of a warrantless arrest, an arrest without

---

[37] R. Doc. 291 at 14 ("Recommended deadlines to join other parties or to file a motion for leave to amend the pleadings: November 30, 2020").

[38] R. Doc. 300 at 1.

[39] R. Doc. 303 (motion), 303-1 (proposed Fifth Amended Complaint), 303-2 (memorandum).

[40] R. Doc. 303-1 at ¶¶ 160 (Brown), 162 (Buquet), 172 (Dennis), and 189 (Lemmons).

probable cause) violates the Fourth and Fourteenth Amendments.[41] A person has been "seized" within the meaning of the Fourth Amendment if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.[42]

Louisiana law provides a remedy for false imprisonment when an unjustified arrest is made. "False arrest is not distinguished as a separate tort from false imprisonment."[43] This tort "occur[s] when one arrests and restrains another against his will without a warrant or other statutory authority."[44] As one Louisiana Supreme Court justice has explained, "[t]he critical issue is whether the police had probable cause to arrest plaintiff at the time he was arrested[.]"[45] In the instant case, Plaintiffs have pleaded that they were arrested without a warrant and with no probable cause to support their arrests, as they had committed no crime.[46] All defendants who participated in their arrests are liable for false arrest and false imprisonment.

The proposed Fifth Amended Complaint alleges violations of those rights:

> Defendant **JACOB BROWN** is an adult resident of Louisiana. He was deployed to the protests on July 9, 2016 as part of the LSP Mobile Field Force. In that capacity **he was responsible for "passing protesters" from the location of their arrest to another law enforcement officer who would take the arrested protester to the BRPD prisoner processing location**. On information and belief, Defendant BROWN participated in the unconstitutional arrests of Plaintiffs LEROY TENNART, DEON TENNART, ZACHARY HILL, and THOMAS HUTCHERSON.[47]

---

[41] *Wallace v. Kato*, 549 U.S. 384 (2007).

[42] *California v. Hodari D.*, 499 U.S. 621, 627-28 (1991).

[43] *Parker v. Town of Woodworth*, 11-1275, p. 3 (La. App. 3 Cir. 3/7/12); 86 So. 3d 141, 144.

[44] *Kyle v. City of New Orleans*, 353 So. 2d 969, 971 (La. 1977).

[45] *Gibson v. State*, 1999-1730, p. 10 (La. 2/25/00); 758 So. 2d 782, 791 (Lemmon, J., concurring).

[46] R. Doc. 303-1 ¶¶ 290-292 (Leroy and Deon Tennart); ¶¶ 299-301 (Eddie and Godavari Hughes); ¶¶ 316-317, 329 (Brachell and Christopher Brown); ¶¶ 347-53 (Zachary Hill); ¶¶ 360-63 (Thomas Hutcherson).

[47] R. Doc. 303-1 at ¶ 160.

> Defendant MURRAY BUQUET is an adult resident of Louisiana. He is a Sergeant with the Louisiana State Police. In July 2016, Defendant BUQUET was assigned to LSP's Mobile Field Force Team. On July 9, 2016, Defendant BUQUET was on duty in the area of protesters and assigned with an arrest team. **Defendant BUQUET actually assisted in one or more arrests on July 9 at the intersection of Airline and Goodwood.** On information and belief, Defendant BUQUET participated in the unconstitutional arrests of Plaintiffs LEROY TENNART, DEON TENNART, ZACHARY HILL, and THOMAS HUTCHERSON.[48]
>
> Defendant MARK DENNIS is an adult resident of Louisiana. He is a Sergeant with the Louisiana State Police. Defendant DENNIS was a supervisor for LSP's Mobile Field Force (Troop F). On July 9, 2016, Defendant DENNIS was deployed to the protests at the intersection of Airline and Goodwood. **In that capacity, DENNIS actually gave direction to other law enforcement officers, identifying protesters to be arrested**. On information and belief, Defendant DENNIS identified Plaintiffs LEROY TENNART, DEON TENNART, ZACHARY HILL, and THOMAS HUTCHERSON for arrest.[49]
>
> Defendant MATTHEW LEMMONS is an adult resident of Louisiana. He was deployed to the protests on July 9, 2016 as part of the LSP Mobile Field Force. In that capacity he was responsible for "passing protesters" from the location of their arrest to another law enforcement officer who would take the arrested protester to the BRPD prisoner processing location. On information and belief, Defendant LEMMONS participated in the unconstitutional arrests of Plaintiffs LEROY TENNART, DEON TENNART, ZACHARY HILL, and THOMAS HUTCHERSON.[50]

In a later section of the Fifth Amended Complaint, Plaintiff Zachary Hill alleged:

> At or around 4 p.m., law enforcement officers began arresting protesters, targeting those who appeared to be leaders of the protest. Defendant THORNTON, Defendant COLLINS, an additional BRPD officer (either an officer identified in Paragraphs 33–105, or currently unknown Officer DOES) and **three LSP Troopers (either some of the Troopers identified above in Paragraphs 160-207, or currently unknown Trooper MOES), without provocation,**

---

[48] *Id*. at ¶ 162.

[49] *Id*. at ¶ 172

[50] *Id*. at ¶ 189.

12

> **tackled Mr. HILL to the ground and handcuffed him.** Officer THORNTON and the others arrested Mr. HILL with excessive force, causing Mr. HILL to suffer a contusion on his foot, bruised knuckles, and a scratch to his head. Video and still images depict Mr. HILL face-down on the ground with Defendant THORNTON's knee on his head while he is handcuffed. **Video and still images also depict the presence of Defendant COLLINS and unidentified BRPD Officers and LSP Troopers who aided in Mr. HILL'S arrest**.[51]

Plaintiff Hill clearly has a claim against multiple LSP Defendants who, as the video stills demonstrate, were direct participants in his takedown and arrest. But he is not the only Plaintiff with such a claim. Because Plaintiffs Leroy Tennart, Deon Tennart, and Thomas Hutcherson were arrested later that day at the intersection of Airline and Goodwood, the above paragraphs of the Fifth Amended Complaint (supported by the respective interrogatory answers of LSP Defendants Brown, Buquet, Dennis, and Lemmons), state a claim for relief against with regard to them as well.

### B. *Seven LSP Defendants were bystanders at the scene with the opportunity to have prevented or stopped the unlawful arrests and uses of excessive force against Plaintiffs Leroy Tennart, Deon Tennart, Zachary Hill, and Thomas Hutcherson.*

As this Court has repeatedly stated, under Fifth Circuit precedent "an officer may be liable under § 1983 under a theory of bystander liability where the officer (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act."[52] The seven LSP Defendants against whom Plaintiffs make bystander liability claims in the proposed Fifth Amended Complaint were within feet of the arrests at the corner of Airline and Goodwood on July 9, 2016. For example:

---

[51] R. Doc. 303-1 at ¶ 349 (emphasis added).

[52] *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013) (emphasis added).

>Defendant JOSEPH DESSENS is an adult resident of Louisiana. On July 9, 2016, Defendant DESSENS was deployed to the protests at the intersection of Airline and Goodwood under the direction of Defendant CLARY. On information and belief, **Defendant DESSENS was present in the immediate proximity** of Plaintiffs LEROY TENNART, DEON TENNART, ZACHARY HILL, and THOMAS HUTCHERSON **both immediately before and during their arrests, personally saw the arrests, knew from the events he witnessed that the arrest and use of force against these Plaintiffs were unjustified and therefore violated their constitutional and state law rights, and failed to intervene to prevent or stop those violations**. Thus, Defendant DESSENS had an opportunity to intervene and stop the unconstitutional arrests of Plaintiffs LEROY TENNART, DEON TENNART, ZACHARY HILL, and THOMAS HUTCHERSON, but failed to do so.[53]

Moreover, two of these bystander liability Defendants were supervisors, and thus had more authority than the others to direct law enforcement officers to stop the violation of Plaintiffs' rights.[54]

Plaintiffs submit that their proposed Fifth Amended Complaint, with the benefit of the belated LSP discovery, alleges more specific facts that support the claim of bystander liability as to LSP Defendants Chaisson, Clary, Dessens, Dollins, Easley, Guilliams, and Hasselbeck.

### C. *Plaintiffs have stated plausible claims against then-Superintendent Edmonson.*

In its previous rulings with respect to the EBRSO Defendants, this Court held that:

>In order to prevail on a section 1983 conspiracy claim, a plaintiff must establish (1) the existence of a conspiracy involving state action and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy.[55]

---

[53] R. Doc. 303-1 at ¶ 173 (emphasis added).

[54] *Id*. at ¶¶ 168 (Cleary) and 181 (Hasselbeck).

[55] *See, e.g.*, R. Doc. 278 at 13, quoting *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir. 1990) and citing *Jabary v. City of Allen*, 547 F. App'x 600, 610 (5th Cir. 2013) ("To prove a conspiracy under § 1983, a plaintiff must allege facts that indicate (1) there was an agreement among individuals to commit a deprivation, and (2) that an actual deprivation occurred." *See also* Tr. of Oral Rulings (Sept. 7, 2018) at 27-37 (explaining Court's analysis of conspiracy claims).

14

As to the conspiracy claim against EBRSO Sheriff Gautreaux, the Court held that Plaintiffs sufficiently alleged the first of these two elements (the existence of a conspiracy involving state action), but not the second (the actual deprivation of Plaintiffs' constitutional rights by Sheriff Gautreaux's deputies). LSP Defendants seek to apply this ruling to dismiss Defendant Edmonson, arguing: "a Section 1983 conspiracy claim requires an underlying constitutional violation by any member of the conspiracy," and that "the individual LSP troopers are all entitled to qualified immunity."[56]

Defendant Edmonson's argument fails because in this case, Plaintiffs have alleged specific constitutional violations committed by Colonel Edmonson's Troopers. Even if this Court were to excuse the fact that Defendants Clary and Dennis have not moved for the dismissal of the Fourth Amended Complaint, it should discard this argument because the Fifth Amended Complaint, if allowed, alleges plausible claims against eleven LSP Troopers who were under Defendant Edmonson's command in carrying out the conspiracy to suppress peaceful protests against racially-directed police violence, in violation of the First, Fourth, and Fourteenth Amendments. And at a bare minimum, the Fifth Amended Complaint sufficiently alleges that four of the Troopers under Edmonson's command directly participated in the Plaintiffs' unconstitutional arrests.

Thus, given that this Court has already held that the language of Plaintiffs' complaints is sufficient to state the first element of a conspiracy claim under § 1983 and § 1985(3), and the second element is sufficiently alleged in the Fifth Amended Complaint, Plaintiffs claims against Defendant Edmonson cannot be dismissed.

---

[56] R. Doc. 301-1 at 9.

15

### IV. LSP's motion should be dismissed without prejudice to refiling another motion targeting the Fifth Amended Complaint.

Ultimately, the question before the Court is whether Plaintiffs' Motion for Leave to File Fifth Amended Complaint should be granted and LSP Defendants' Motion for Judgment on the Pleadings should be dismissed as moot. In drafting and filing their Fourth Amended Complaint, Plaintiffs did not have sufficient information to identify, by name, the Louisiana State Police Troopers who either (1) participated in their arrests and/or the uses of excessive force against them on July 9, 2016, (2) directed other Troopers to do so, or (3) stood by, within feet of obvious constitutional violations, and did nothing.

Plaintiffs' motion for leave to file their proposed Fifth Amended Complaint is within the deadline agreed to by the parties in the Joint Status Report, and established by the Court's Scheduling Order. Such an amendment was expressly contemplated when LSP Defendants' Motion for Summary Judgment was stayed. As demonstrated above, the Fifth Amended Complaint moots LSP Defendants' current motion.[57]

### V. Conclusion

Plaintiffs should be allowed the benefit of the discovery the Court previously required from LSP Defendants. Thus, the current motion should be denied, without prejudice to LSP Defendants filing a Rule 12(c) motion, if they wish to so, against the Fifth Amended Complaint.

Respectfully submitted, this the 4th day of December, 2020.

---

[57] *State of Louisiana v. Bank of America Corp., et al.*, Civ. Action No. 19-638-SDD-SDJ, 2020 WL 3966875 (M.D. La. July 13, 2020); *Williamson v. Wyeth, Inc.*, Civ. Action No. 09-736-BAJ-DLD, 2010 WL 3312589 (M.D. La. Aug. 19, 2010).

16

| | |
|---|---|
| */s/ Gideon T. Carter III* | */s/ James W. Craig* |
| Gideon T. Carter, III, La. Bar No. 14136 | James W. Craig, La. Bar No. 33687 |
| Co-Lead Counsel | Co-Lead Counsel |
| PO Box 80264 | Roderick & Solange MacArthur |
| Baton Rouge LA 70898-0264 | Justice Center |
| (225) 214-1546 (p) / (225) 341-8874 (f) | 4400 S. Carrollton Avenue |
| gideontcarter3d@gmail.com | New Orleans LA 70119 |
| | (504) 620-2259 (p) / (504) 208-3133 (f) |
| | jim.craig@macarthurjustice.org |
| | |
| */s/ Eric A. Foley* | */s/ S. Mandisa Moore-O'Neal* |
| Eric A. Foley, La. Bar No. 34199 | S. Mandisa Moore O'Neal, La. Bar No. 35256 |
| Roderick & Solange MacArthur | 8818 Jeanette Street |
| Justice Center (see above) | New Orleans LA 70118 |
| eric.foley@macarthurjustice.org | (504) 475-8046 (p) |
| | smandisa85@gmail.com |

*/s/ Hannah A. Lommers-Johnson*
Hannah A. Lommers-Johnson
La. Bar No. 34944
Roderick & Solange MacArthur
Justice Center (see above)
hannah.lommersjohnson@macarthurjustice.org

ATTORNEYS FOR PLAINTIFFS