UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LEROY TENNART, ET AL.

VERSUS

CITY OF BATON ROUGE, ET AL.

CIVIL ACTION

NO. 17-179-JWD-EWD

### ORDER

This matter comes before the Court on the *Motion for Summary Judgment* (Doc. 341) (the "*LSP Motion*") filed by those defendants associated with the Louisiana State Police (the "LSP Defendants").[1] One plaintiff, Zachary Hill, opposes the motion in part,[2] (Doc. 356), and LSP Defendants have filed a reply, (Doc. 366). Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule.

By way of introduction, this case involves eight (8) remaining plaintiffs who assert seventeen claims arising from a protest which occurred on July 9, 2016, around Airline Highway in Baton Rouge following the killing of Alton Sterling by Baton Rouge Police Department ("BRPD") officers. (*See Fifth Am. Compl.*, Doc. 310.) The City, and officials and BRPD officers

---

[1] LSP Defendants include: Jacob Brown Murray Buquet, Jason Chiasson, John Clary, Mark Dennis, Joseph Dessens, Ian Dolins, David Easley, Michael Edmonson, Aaron Guilliams, Joseph Hasselbeck, Caleb Kennedy, and Matthew Lemmons

[2] The other plaintiffs in this action include: Brachell Brown, Christopher Brown, Eddie Hughes, Godavari Hughes, Thomas Hutcherson, Deon Tennart, and Leroy Tennart.

associated with the City, are also defendants in this action,[3] but only the LSP Defendants bring the instant motion.[4] LSP Defendants now seek dismissal of all claims against them.

At the outset, Plaintiffs' opposition reveals that the *LSP Motion* is uncontested in three ways. First, Plaintiffs note on the first page that "Plaintiffs Brachell Brown, Christopher Brown, Eddie Hughes, Godavari Hughes, Thomas Hutcherson, Deon Tennart, and Leroy Tennart concede that discovery has not produced evidence of direct involvement in their injuries by the remaining LSP Defendants." (Doc. 356 at 1 n.2) As a result, all claims by all Plaintiffs other than Zachary Hill against all LSP Defendants are **DISMISSED WITH PREJUDICE.**

Second, "Plaintiff Zachary Hill opposes the summary judgment motion of Matthew Lemmons[.]" (Doc. 356 at 1.) He makes no opposition as to the other LSP Defendants, so any claims against them are waived. *See Payton v. Town of Maringouin*, No. 18-563, 2021 WL 2544416, at *26 (M.D. La. June 21, 2021) (deGravelles, J.) (collecting authorities on waiver and finding that claims could be dismissed for failure to meaningfully oppose (citations omitted)), *aff'd*, No. 21-30440, 2022 WL 3097846 (5th Cir. Aug. 3, 2022). Accordingly, all claims by Hill against all LSP Defendants other than Defendant Mathew Lemmons are **DISMISSED WITH PREJUDICE.**

And third, Hill argues that there are genuine issues of material fact as to "Counts 3, 6, 7, 8, 12, 13, 14, 16, and 17." (*Id.*) Accordingly, there is no opposition to those excluded counts, and the following claims by Hill against Lemmons are **DISMISSED WITH PREJUDICE** as waived: (a) Count 1, Civil Conspiracy under § 1983; (b) Count 2, Racially-Motivated Conspiracy under §

---

[3] Officers and officials associated with the East Baton Rouge Sheriff's Office and Livingston Parish Sheriff's Office were also defendants in this case, but they were dismissed following the granting of their renewed Rule 12(b)(6) motions. (*See* Doc. 286.)
[4] The City Defendants have also moved for summary judgment. (Doc. 347.) That motion will be taken up in due course.

2

1985(3); (c) Count 4, Manufacturing Evidence, etc., under § 1983; (d) Count 5, Excessive Force under the Fourth Amendment; (e) Count 11, Civil Conspiracy under State Law; and (f) Count 15, Abuse of Process under State Law.

Additionally, undersigned emphasizes at the start that the issues in this case are well-travelled ground for this Court. Other protests also happened in Baton Rouge after Alton Sterling's death, and one is the subject of other pending litigation in this Court. *See Imani v. City of Baton Rouge*, No. 17-439, --- F. Supp. 3d ----, 2022 WL 2760799 (M.D. La. July 14, 2022) (deGravelles, J.) (the "*Imani Ruling*"); *Smith v. City of Baton Rouge*, No. 17-436, 2022 WL 2789221 (M.D. La. July 15, 2022) (deGravelles, J.) (the "*Smith Ruling*").

While the *Imani Ruling* and *Smith Ruling* dealt with different defendants (i.e., the City Defendants) and a different protest (the one occurring on July 10, 2016, downtown near the corner of East Boulevard and France Street), those decisions are critical to this Court's analysis of the *LSP Motion*. The *Imani Ruling* is extremely extensive and provides a comprehensive framework for most of the legal issues involved with the *LSP Motion*, and the more streamlined *Smith Ruling* demonstrates the overall approach this Court will take.

With that context established, the remaining claims before the Court are: (a) False Detention, Arrest, and Imprisonment under § 1983 (Count 3), and its equivalent state law claim under the Louisiana Constitution (Count 13); (b) First Amendment Retaliation under § 1983 (Count 6), and its equivalent state law claim under the Louisiana Constitution (Count 12); (c) Failure to Intervene under § 1983 (Count 7); (d) an As-Applied Challenge to La. R.S. 14:97 (Count 8); (e) certain intentional torts such as intentional infliction of emotional distress ("IIED"), assault and battery, and false imprisonment (Count 14); (f) Abuse of Rights (Count 16); and (g) Negligence (Count 17).

Having carefully considered the law, evidence, and briefing, the Court will grant the disputed portions of the *LSP Motion* in part and deny them in part. In short, questions of fact preclude the granting of summary judgment for some but not all of the remaining claims.

First, the Court will grant Lemmons summary judgment on the § 1983 false arrest and equivalent state law claims. In sum, even construing the evidence in a light most favorable to Hill and drawing reasonable inferences in his favor, the Court finds that all reasonable jurors would conclude that Lemmons observed Hill obstructing Airline Highway—an extremely busy U.S. Highway—and that Lemmons thus had probable cause to arrest Hill for violating La. R.S. 14:97, simple obstruction of a highway. The Court bases this conclusion on the following evidence showing or reflecting that Hill was intentionally in the roadway at the time of the arrest: (1) the videos of the arrest, (Pls.' Ex. 6 ("More than 100 people arrested during heated protest at BRPD head – WAFB 9 Zachary arrest at 105.mp4"), at 1:05-1:08); Pls.' Ex. 11 (2016.07.09 USA_ Black Lives Matter protesters picket . . . .mp4), at 0:00–0:10, Doc. 357); (2) pictures in evidence, (Pls.' Ex. 3 (Zachary Hill Protests 2.jpg), Pls.' Ex. 10 (RTSH3XY.jpg), Pls.' Ex. 13 (Zachary Hill arrest.jpg), Doc. 357); (3) some of the undisputed facts, as admitted or qualified, (*see Statement of Material Facts Not Genuinely Disputed* ¶¶ 10–17, Doc. 341-4; *Pls.' Opposing Statement of Material Facts in Response to [LSP Motion]* ("*POSMF*"), ¶¶ 10–17, Doc. 356-1); and (4) Lemmons' testimony (Lemmons Dep. 49:9–19, 55:22–56:3, 65:8–20, Doc. 341-3). At the very least, Lemmons is entitled to qualified immunity on this claim, as the Court cannot say that every reasonable officer in Lemmons' shoes would know that participating in Hill's arrest under these circumstances was a violation of clearly established law. As a result, the *LSP Motion* will be granted on these claims. *See Doe v. McKesson*, 2021-00929 (La. 3/25/22), 339 So. 3d 524, 533 (stating, in answering questions certified by the U.S. Fifth Circuit arising from the protest on

Airline Highway, that "the blocking of a heavily traveled highway, thereby posing a hazard to public safety," was "the commission of a crime"); *cf. Imani*, 2022 WL 2760799, at *37 (denying defendants' motion for summary judgment in part because, when construing the evidence in a light most favorable to plaintiffs, the City lacked "any description of any specific Plaintiff's illegal activity" and "had no knowledge of which officer saw Plaintiffs commit any crime or what officer seized Plaintiffs"). Hill's § 1983 false arrest claim (Count 3) and equivalent state law constitutional claim (Count 13) and false imprisonment claim (Count 14) are **DISMISSED WITH PREJUDICE.**

As to the First Amendment claims, Lemmons is entitled to qualified immunity; even construing the evidence in a light most favorable to Hill and drawing reasonable inferences in his favor, the Court cannot say that every reasonable officer in Lemmons' position would know that his conduct was unlawful under clearly established law. That is, the Court cannot conclude that all such officers would know, beyond doubt, that Hill's remaining on Airline Highway was protected activity under the First Amendment and thus that Lemmons' arresting Hill for same was a First Amendment violation. *See Doe v. Mckesson*, 945 F.3d 818, 832 (5th Cir. 2019) (noting, in holding that First Amendment was not a bar to a state law negligence claim by officer against the organizer of this protest, that "the criminal conduct allegedly ordered by [the organizer] was not itself protected by the First Amendment, as [the organizer] ordered the demonstrators to violate a reasonable time, place, and manner restriction by blocking the public highway." (citing *Clark v. Cmty. for Creative Non-Violence*, 468 U.S. 288, 293 (1984) (reasonable time, place, and manner restrictions do not violate the First Amendment)), *cert. granted, judgment vacated on other grounds*, 141 S. Ct. 48 (2020); *see also Mckesson*, 945 F.3d at 823 ("On July 9, 2016, a protest illegally blocked a public highway in front of the Baton Rouge Police Department headquarters."),

5

827 ("The complaint alleges that [the organizer] planned to block a public highway as part of the protest. . . . Blocking a public highway is a criminal act under Louisiana law. *See* La. Rev. Stat. Ann. § 14:97."); *cf. Imani*, 2022 WL 2760799, at *24 (denying summary judgment for First Amendment claims because there was evidence (a) that protesters lacked intent to obstruct major highway (interstate), and (b) that they acted lawfully). Consequently, the First Amendment claims (Counts 6, 8) and comparable state law claim (Counts 12) are **DISMISSED WITH PREJUDICE.**

The remaining claims, however, survive. With respect to the § 1983 failure to intervene claim (Count 7), Lemmons' sole defense is that there is no evidence that he knew that excessive force was being applied to Hill in violation of his rights. (Doc. 341-1 at 10–11.) But the Court finds that, construing the evidence in a light most favorable to Hill, a reasonable juror could easily conclude that the arresting BRPD officer applied excessive force to Hill, that Lemmons knew of this violation, and that Lemmons had a reasonable opportunity to intervene to stop it. *See Imani*, 2022 WL 2760799 at *45–46 (describing these elements of failure to intervene claim); *cf. Smith*, 2022 WL 2789221, at *2 (dismissing failure to intervene claim because "Plaintiff has shown mere presence at the scene of the constitutional violation, but that is insufficient."). The Court bases this holding on the same evidence referenced above, including (1) the videos (Pls.' Ex. 6 ("More than 100 people . . . .mp4"), at 1:05–1:08 (showing forceable takedown of Hill with Lemmons assisting); Pls.' Ex. 11 (2016.07.09 USA_ Black Lives Matter protesters picket . . . .mp4), at 0:00–0:10, Doc. 357 (showing Hill restrained on the ground by officers for at least ten seconds)); (2) pictures (Pls.' Ex. 10 (RTSH3XY.jpg) (showing a shin or knee on Hill's head), Pls.' Ex. 13 (Zachary Hill arrest.jpg (showing same from different angle), Doc. 357); (3) undisputed additional fact ¶ 3 in the *POSMF*, Doc. 356-1 at 5, which (a) states, "After Mr. Hill was taken to the ground, Frederick Thornton appears to have his knee on Mr. Hill's head as he is being handcuffed," and

6

(b) is "deemed admitted for purposes of this motion because of [LSP Defendants'] failure to submit a separate reply statement," *Smith*, 2022 WL 2789221, at *2 (citing M.D. La. LR 56(d), (f), & (g)); and (4) Lemmons' testimony (Lemmons Dep. 62:3–63:2, Doc. 341-3 (testifying that it was never "acceptable to have a knee on a subject's head or neck" and that, if he witnessed such an act, he would "have intervened to stop it")).  Thus, for this claim (Count 7), the motion is **DENIED**.

Likewise, Hill's state law claims will largely proceed to trial.  Construing the evidence in a light most favorable to Hill (including that evidence discussed above), reasonable jurors could find that Lemmons participated in the use of excessive force against Hill by the BRPD officer and that Lemmons is thus liable for IIED, assault and battery, abuse of right, and negligence. In these respects (i.e., the remaining parts of Count 14), the *LSP Motion* is **DENIED**.

Accordingly,

**IT IS ORDERED** that the *Motion for Summary Judgment* (Doc. 341) filed by the LSP Defendants is **GRANTED IN PART** and **DENIED IN PART**, as described herein.

Signed in Baton Rouge, Louisiana, on September 6, 2022.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**