UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LEROY TENNART, ET AL.

VERSUS

CITY OF BATON ROUGE, ET AL.

CIVIL ACTION

NO. 17-179-JWD-EWD

*CONSOLIDATED WITH*

NIKOLE SMITH, ET AL.

VERSUS

CITY OF BATON ROUGE, ET AL.

CIVIL ACTION

NO. 17-436-JWD-EWD

RULING AND ORDER

I.    INTRODUCTION

This matter comes before the Court on the *Motion for Review and/or Reconsideration* (Doc. 391) ("*Motion for R&R*") filed by the City of Baton Rouge/Parish of East Baton Rouge (the "City"), certain defendants associated with the City named in their official capacity, and current and former Baton Rouge Police Department ("BRPD") officers named in their individual capacity (collectively, "City Defendants"). This motion has been filed in two cases with the same counsel and many of the same City Defendants—*Tennart v. City of Baton Rouge*, No. 17-179-JWD-EWD ("*Tennart*"), and *Smith v. City of Baton Rouge*, No. 17-436-JWD-EWD ("*Smith*"). Both cases involve claims arising from a single protest which took place in Baton Rouge on Saturday, July 9, 2016, on and around Airline Highway in response to Alton Sterling's killing by BRPD officers. (*See Tennart, Fifth Am. Compl.*, Doc. 310*; Smith, Third Am. Compl.*, Doc. 228.).

The instant motion involves the interpretation and reexamination of certain aspects of the Court's November 18, 2022, *Ruling and Order* (*Tennart*, Doc. 386) which granted in part and

denied in part the City Defendants' *Motion for Summary Judgment* ("*MSJ*") (*Tennart*, Doc. 347). *See also Tennart v. City of Baton Rouge*, No. 17-179, 2022 WL 17084372, at *1 (M.D. La. Nov. 18, 2022) (deGravelles, J.) ("*Ruling on MSJ*"). City Defendants now argue that "some elements of the [*Ruling on MSJ*] are internally inconsistent[,]" so City Defendants seek reconsideration of certain aspects of that ruling. (Doc. 391-1 at 1–2.)  City Defendants "do not seek this remedy lightly," but they (correctly) maintain that, "considering the volume of briefing, exhibits, and rulings on similar summary judgments"—all of which easily number in the thousands of pages—"some confusion is inevitable." (*Id.* at 3.)

Plaintiffs oppose the *Motion for R&R* in part. (*Tennart*, Doc. 397).  Additionally, Plaintiffs seek reconsideration of a separate aspect of the *Ruling on MSJ* not raised by City Defendants, though it is related to something they did raise.

No reply was filed.  Oral argument is not necessary.

The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule.  For the following reasons, City Defendants' *Motion for R&R* is granted in part and denied in part, and the Plaintiffs' motion is granted.

## II.    RELEVANT STANDARD

While the Federal Rules of Civil Procedure do not formally recognize the existence of motions for reconsideration, *see, e.g.*, *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), courts customarily consider such motions under Rule 60(b) or Rule 59(e). *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). However, because the parties move to reconsider an interlocutory order, the motions are controlled by Rule 54(b) of the Federal Rules of Civil Procedure. Under this provision, any order or decision that adjudicates fewer than all the claims

may be revised at any time before the entry of a judgment adjudicating all the claims and all the

parties' rights and liabilities. Fed. R. Civ. P. 54(b).

> While the court has broad discretion to decide a Rule 54(b) motion to reconsider and the standard imposed is less exacting, courts consider factors that inform the Rule 59 and Rule 60 analysis. *McClung v. Gautreaux*, No. 11-263, 2011 WL 4062387, at *1 (M.D. La. Sept. 13, 2011). Specifically, these factors include whether 1) the judgment is based upon a manifest error of fact or law; 2) newly discovered or previously unavailable evidence exists; 3) the initial decision was manifestly unjust; 4) counsel engaged in serious misconduct; and 5) an intervening change in law alters the appropriate outcome. *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475-76 (M.D. La. 2002).

> In *Austin v. Kroger Tex., L.P.*, the Fifth Circuit made clear that Rule 54(b) and Rule 59(e) require distinct analyses. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (finding that district court abused its discretion by applying stricter Rule 59(e) analysis instead of the more flexible Rule 54(b) analysis). "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.' " *Id.* (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)). The stricter Rule 59(e), however, only applies to the reconsideration of final judgments. The *Austin* court, adopting language from the D.C. Circuit, contrasted Rule 54(b) with Rule 59(e) as follows:

> Rule 59(e), understandably, sets a high threshold for parties to raise a new argument for the first time after judgment has already been entered . . . In contrast, Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves can be more flexible, reflecting the 'inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.' *Id.* at 336-37 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25-26 (D.C. Cir. 2015)).

> " 'Although courts are concerned with principles of finality and judicial economy, 'the ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law.' " *Broyles v. Cantor Fitzgerald & Co.*, No. 10-854, 2015 WL 500876, at *1 (M.D. La. Feb. 5, 2015) (quoting *Keys v. Dean Morris, LLP*, 2013 WL 2387768, at *1 (M.D. La. May 30, 2013) (quoting *Georgia*

> *Pacific, LLC v. Heavy Machines, Inc.*, 2010 WL 2026670, at *2
> (M.D. La. May 20, 2010))). "Nevertheless, 'rulings should only be
> reconsidered where the moving party has presented substantial
> reasons for reconsideration.' " *Id.* (quoting *Louisiana v. Sprint
> Communications Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995)).
>
> Ultimately, a motion for reconsideration is an extraordinary remedy
> and should be used sparingly in the interest of finality and
> conservation of judicial resources. *Carroll v. Nakatani*, 342 F.3d
> 934, 945 (9th Cir. 2003). The court should deny a motion for
> reconsideration when the movant rehashes legal theories and
> arguments that were raised or could have been raised before the
> entry of the judgment. *See Templet v. HydroChem Inc.*, 367 F.3d
> 473, 478-79 (5th Cir. 2004). A motion for reconsideration does not
> support old arguments that are reconfigured. *Resolution Trust Corp.
> v. Holmes*, 846 F. Supp. 1310, 1316, n.18 (S.D. Tex. 1994).

*Adams v. United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus. of the
United States & Canada, AFL-CIO, Loc. 198*, 495 F. Supp. 3d 392, 395–96 (M.D. La. 2020)
(deGravelles, J.).

## III.   DISCUSSION

### A. Parties' Arguments

City Defendants specifically object to the following issues:

(1) that the Court improperly allowed the manufacturing evidence claim by Plaintiff Elcide
Harris against Defendant Doug Barron to survive, as Plaintiff Harris died after suit was filed and
as subsequent complaints voluntarily dismissed her claims, (Doc. 391-1 at 3–4);

(2) that the Court incorrectly allowed Plaintiff Zachary Hill's state law false arrest claim
to survive despite granting summary judgment to City Defendants on Hill's Fourth Amendment
false arrest claim and despite the fact that both claims have the same standard, (*id.* at 4–5);

(3) that the Court should have dismissed the state law assault and battery claims by
Plaintiffs Eddie Hughes and Nikole Smith because the Court also dismissed the federal excessive
force claims they asserted, and, again, both have the same standards (*id.* at 5–6);

4

(4) that the Court must dismiss Nikole Smith's negligence claims for the same reason it dismissed Eddie Hughes' negligence claim—the lack of any damages, (*id.* at 6.).

Plaintiffs do not oppose much of City Defendants *Motion for R&R.* (Doc. 397). Specifically, Plaintiffs do not object to items (1) and (2). (*Id.* at 1–2.)  They also make no mention of item (3), (*id.* at 2), thereby waiving any opposition to same, *see Ruling on MSJ*, 2022 WL 17084372, at *1 (citing *Payton v. Town of Maringouin*, No. 18-563, 2021 WL 2544416, at *26 (M.D. La. June 21, 2021) (deGravelles, J.) (collecting authorities on waiver and finding that claims could be dismissed for failure to meaningfully oppose (citations omitted)), *aff'd*, No. 21-30440, 2022 WL 3097846 (5th Cir. Aug. 3, 2022)).

Rather, Plaintiffs focus entirely on item (4).  (Doc. 397 at 2–3.)  Plaintiffs maintain that City Defendants are wrong to argue that Mr. Hughes and Ms. Smith did not suffer any damages. (*Id.* at 2.)  To Plaintiffs, the Court correctly determined that Ms. Smith sustained mental anguish damages and correctly denied the *MSJ* on same. (*Id.*)  However, Plaintiffs argue that the Court erred in finding that Mr. Hughes suffered no damages.  Specifically, "[h]ere, Mr. Hughes alleged nonphysical injury: he was unlawfully detained 'for 22 hours in uncomfortable, unsanitary conditions and without proper bedding' and because of that unlawful detention he missed a day of work, having to use vacation time." (*Id.* at 3 (citing, *inter alia*, Ex. 33, Hughes Dep. 24:3–9).) Thus, say Plaintiffs, the Court erred in dismissing Mr. Hughes' negligence claim.

**B.  Law and Analysis**

### 1. Preliminary Note

The Court notes two things at the outset. First, the Court appreciates the manner in which these issues were brought to the Court's attention and handled by the parties. Considering the

breadth and complexity of the record, both sides have gone a long way toward promoting judicial

economy and streamlining the process of refining the issues for trial.

Second, and related,  the Court easily grants the *Motion for R&R* as to those issues to which

Plaintiffs have no objection, either expressly or by waiver.  Thus, the *Motion for R&R* will be

granted on issues (1) through (3) above.

### 2. The Law on Negligence Generally and Damages Specifically

Thus, the heart of this matter, for both sides, is whether Mr. Hughes and Ms. Smith have

viable negligence claims.  As this Court previously stated in another protester case:

> "The duty-risk analysis is the standard negligence analysis
> employed in determining whether to impose liability under" Article
> 2315. *Lemann v. Essen Lane Daiquiris, Inc.*, 2005-1095 (La.
> 3/10/06), 923 So.2d 627, 632–33 (citing *Mathieu v. Imperial Toy
> Corp.*, 94-0952 (La. 11/30/94), 646 So. 2d. 318, 321). Under this
> analysis, a plaintiff must prove five separate elements:
>
>> (1) the defendant had a duty to conform his conduct
>> to a specific standard (the duty element); (2) the
>> defendant's conduct failed to conform to the
>> appropriate standard (the breach element); (3) the
>> defendant's substandard conduct was a cause in fact
>> of the plaintiff's injuries (the cause-in-fact element);
>> (4) the defendant's substandard conduct was a legal
>> cause of the plaintiff's injuries (the scope of liability
>> or scope of protection element); and (5) the actual
>> damages (the damages element).
>
> *Id.* at 633 (citing *Fowler v. Roberts*, 556 So. 2d 1, 4 (La. 1989), *reh'g
> granted on other grounds and original opinion reinstated as
> supplemented*, 556 So. 2d at 13 (La. 1990)). "A negative answer to
> any of the inquiries of the duty-risk analysis results in a
> determination of no liability." *Id.* (citing *Mathieu*, 646 So. 2d at
> 326).

*Imani v. City of Baton Rouge*, 614 F. Supp. 3d 306, 382–83 (M.D. La. 2022).

"Damages are essential to the negligence tort. The damage issue may be subdivided into

two parts[,]" the first of which is "can the victim recover these particular types of damages." 1

6

Frank L. Maraist, Thomas C. Galligan, Jr., John M. Church, & William R. Corbett, *Louisiana Tort Law* § 3.06 (perm. ed., rev. vol. 2022). "Compensatory damages are designed to place the plaintiff in the position in which he would have been if the tort had not been committed." *Id.* § 7.01.

### 3. The Court's Prior Ruling

The Court previously ruled on these negligence claims as follows:

> Plaintiffs also prevail on the negligence claims, for reasons similar to those given in *Imani*. Again, the *SAUMF* demonstrates facts from which the inferences can be drawn that most of the Plaintiffs suffered at least some harm from the BRPD officers' conduct. [*See SAUMF* ¶ 5, Doc. 364-1[;] . . . *id.* ¶ 54 (stating that Ms. Smith, as a licensed professional, had to notify her licensing agencies for the pending felony charge of "Inciting a Riot" until the prescriptive period terminated).] The sole exception to this is Eddie Hughes, who, as referenced above in the excessive force section, suffered no discernable injury. (*See SAUMF* ¶¶ 15–22, Doc. 364-1). "As to the breach element, there are simply too many questions of fact, detailed throughout this ruling, to find in favor of [City] Defendants. A reasonable jury could easily find that these Defendants failed to act as reasonably prudent officers under the circumstances." *Imani*, 2022 WL 2760799, at *56. Accordingly, as to Plaintiff Eddie Hughes, the motion is **GRANTED**, and his negligence claim is **DISMISSED WITH PREJUDICE**. In all other respects on this issue, the motion is **DENIED**.

*Ruling on MSJ*, 2022 WL 17084372, at *13.

### 4. Reconsideration as to Ms. Smith

Considering the *Motion for R&R*, the Court finds that City Defendants have failed to satisfy their burden with respect to Ms. Smith. The specific paragraph of the *SAUMF* which the Court cited with reference to her read:

> The lasting impact of [Ms. Smith's] unlawful arrest is significant. In particular, as a licensed professional, Ms. Smith was required to notify licensing agencies about a pending felony charge for "Inciting a Riot" for the years between her arrest and the expiration of the prescription period for prosecution; also, she has not wanted to protest and has a heightened sense of distrust and fear.

(*SAUMF* ¶ 54, Doc. 364-1.)  This paragraph was deemed admitted for purposes of the Court's prior *Ruling on MSJ*. 2022 WL 17084372, at *1 (citing M.D. La. Civ. R. 56 (d), (f), & (g)).

The Court finds that, when viewing these facts in a light most favorable to Ms. Smith and drawing reasonable inferences in her favor (as the Court must do), a reasonable juror could easily conclude that Ms. Smith suffered serious, significant mental anguish from City Defendants' conduct.  Given that "a motion for reconsideration is an extraordinary remedy and should be used sparingly in the interest of finality and conservation of judicial resources," *Adams*, 495 F. Supp. 3d at 395–96, and given that City Defendants have done little aside from rehashing arguments that were or could have been raised before, *see id.*, the Court finds that City Defendants have failed to satisfy their burden of showing manifest error or other substantial reasons for reconsideration with respect to Ms. Smith.  This part of their motion will thus be denied.

### 5. Reconsideration as to Mr. Hughes

As to Mr. Hughes, the Court notes that Plaintiffs did not make a formal motion for reconsideration.  However, they clearly stated in their opposition, "Plaintiffs respectfully suggest that the Court erred in dismissing Mr. Hughes's negligence claims." (Doc. 397 at 3.)  Thus, the Court finds this to be properly before the Court.

As stated above, City Defendants filed no reply.  Thus, Plaintiffs' motion on this issue is unopposed, and the Court could grant Plaintiffs' request on the grounds of waiver alone. *See Payton*, 2021 WL 2544416, at *26.

But, even if the Court did examine the merits, the Court would agree with Plaintiffs that it manifestly erred in its prior decision on this issue.  Here, City Defendants' conduct caused Hughes to have to miss work and use annual leave. *See* Ex. 33, Hughes Dep. 24:3–9 ("**Q.** Mr. Hughes, did you miss any work because of this? **A.** Monday. I missed Monday. **Q.** And so I don't know; I've

never been a librarian. But did you get docked your pay, or was it—or were you on salary? **A.** Yeah, just got—took annual leave.").

Louisiana law "allow[s] a plaintiff to recover as lost wages for the use of sick leave or annual accrued leave to recuperate from injuries." *See Beasley v. Yokem Toyota*, 33,805 (La. App. 2 Cir. 8/23/00), 767 So. 2d 149, 156 (applying this reasoning to a teacher recovering after a sabbatical) (citing, *inter alia*, *Hawthorne v. Se. Fid. Ins. Co.*, 387 So. 2d 26, 31 (La. App. 3d Cir. 1980)). As *Hawthorne* stated:

> Plaintiff is clearly entitled to recover the loss of wages attributable to such lost time [from work due to the injuries sustained in the accident] even though plaintiff has been compensated by employment benefits [(specifically, annual leave and sick leave)]. The rationale is that plaintiff's forced use of these leave benefits precludes its future use and prejudices whatever credits might have inured to plaintiff's benefit upon retirement because of its accumulation.

*Hawthorne*, 387 So. 2d at 31 (citations omitted))). By analogy, Ms. Smith is entitled to recover the lost wages caused by City Defendants' conduct.

In sum, Plaintiffs are correct that summary judgment was improperly granted to City Defendants on Mr. Hughes' negligence claim. Thus, they are entitled to the extraordinary remedy of reconsideration, and the Court will vacate that portion of the *Ruling on MSJ* dismissing this claim.

**[*intentionally left blank*]**

**IV.    CONCLUSION**

Accordingly, the *Motion for Review and/or Reconsideration* (Doc. 391) is **GRANTED IN PART** and **DENIED IN PART**, as described herein.   Further, the Plaintiffs' motion for reconsideration, made in their opposition memorandum (Doc. 397), is **GRANTED**, as described herein.

Signed in Baton Rouge, Louisiana, on September 11, 2023.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**